JOHN J. FLYNN III (CA 76419)
jflynn@nossaman.com
BENJAMIN Z. RUBIN (CA 249630)
brubin@nossaman.com
NOSSAMAN LLP
18101 Von Karman Avenue, Suite 1800
Irvine, CA 92612
Telephone: 949.833.7800
Facsimile: 949.833.7878

Attorneys for Plaintiff
T-MOBILE WEST CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE WEST CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF THOUSAND OAKS, a public entity organized and existing under the laws of the State of California; CITY COUNCIL OF THE CITY OF THOUSAND OAKS, and DOES, 1-10 in their individual and official capacities,<br><br>Defendants. | Case No: CV09-4377 CAS (SSx)<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]<br><br>[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL AND/OR TRADE SECRET INFORMATION |

305018_9.DOC

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders the parties to abide by this Protective Order. This Protective Order is issued to facilitate documents disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, and to minimize the potential for time consuming and expensive law and motion disputes relating to discovery. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through conclusion of this action and survive termination of this action.

IT IS ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1. This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contains proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, deposition transcripts, discovery responses, correspondence, documents or things (collectively, "Discovery Material"), namely, any information, documents, testimony, or other things designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under this Protective Order. As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party. As used herein, "confidential" shall means any information so designated by a Producing Party which said party reasonably and justifiably believes is of the type entitled to protection by law.

2. Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material, may designate it as set forth herein as: (a) CONFIDENTIAL, or (b) ATTORNEYS' EYES ONLY subject to this Protective Order if it contains confidential, proprietary, and/or trade secret information or other confidential research, development, or commercial information.

305018_9.DOC                              1
PROTECTIVE ORDER

3. In the absence of written permission from the Producing Party, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

    (a) shall be protected from disclosure as specified herein, unless (i) the Producing Party states otherwise in writing, or (ii) a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

    (b) shall be used only for purposes of this litigation, and not for any other purpose whatsoever, including but not limited to any business, competitive, or governmental purpose or function or for any other litigation.

4. The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (in compliance with the provisions of this Protective Order) any and all Discovery Materials produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

    (a) Written discovery may be designated by placing a legend on every page of the written material prior to production stating one of the following: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (b) Parties or testifying persons may designate depositions and other testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the hard copy transcript of the testimony. All information disclosed during a deposition shall be deemed ATTORNEYS' EYES ONLY until the time within which it may be

designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY has passed.

5. A Producing Party may designate Discovery Material as CONFIDENTIAL if it comprises, includes or reflects non-public and confidential, proprietary, and/or non-public trade secret information of T-Mobile West Corporation, T-Mobile USA, Inc., or any parent or subsidiary thereof (collectively, "T-Mobile"), specifically including: (i) technical information; (ii) customer lists; (iii) business and/or marketing plans (iv) financial and/or accounting information; (v) personnel records; (vi) compensation/payroll records; (vii) time records; (viii) employment related policies and procedures; (ix) customer information; (x) vendor information; (xi) internal policies and practices; (xii) tax returns; (xiii) operating policies and procedures; (xiv) business strategy; (xv) accounting procedures; (xvi) financial management procedures; (xvii) product research and development; (xviii) pricing and profit data; (xix) future marketing plans; or (xx) personal medical information. Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

    (a) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

    (b) Up to three (3) internal counsel, and paralegal or support personnel working with those counsel, associated with a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action. For purposes of this Protective Order, "internal counsel" shall mean a party's in-house counsel.

    (c) Up to four (4) officers, directors or employees of a party, and paralegal or support personnel working with those officers, directors or employees, who either have responsibility for making decisions

dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action;

    (d)    The Court, its personnel and stenographic reporters;

    (e)    Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by counsel in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

    (f)    Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A.

6.    A Producing Party may designate Discovery Materials at the time of disclosure as ATTORNEYS' EYES ONLY if, notwithstanding any overlap with the materials identified in Paragraph 5, the Producing Party in good faith believes the materials to be extremely confidential and/or sensitive in nature and reasonably believes that their disclosure is likely to cause economic harm to the Producing Party. The Parties agree that the ATTORNEYS' EYES ONLY designation includes the following information: (i) non-public damages-related and financial information, including confidential pricing, profit, sales, or other financial information; (ii) confidential

business, marketing, or strategic plans, including business, marketing, and technical information regarding future products; or (iii) highly confidential and commercially sensitive trade secrets or technical information. Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed only to the following:

(a) Outside litigation counsel of record, "internal counsel," and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, clerks, secretaries, and clerical personnel;

(b) The Court, its personnel and stenographic reporters;

(c) Independent legal translators retained to translate in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; independent court reporters and videographers retained to record and transcribe testimony given in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by counsel in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or otherwise in connection with this action, provided they agree to maintain the confidentiality of any Protected Information; and non-technical jury or trial consulting services retained by counsel in connection with this action, and mock jurors, provided they agree to maintain the confidentiality of any Protected Information; and

(d) Experts or consultants of the parties (and their secretarial and clerical personnel) retained to assist counsel in this case who have signed the form attached hereto as Exhibit A.

## LIMITATIONS ON THE USE OF PROTECTED DISCOVERY MATERIAL

7. All persons receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order. Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

    (a) Counsel who makes CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material available to persons set forth in Paragraphs 5, 6 and/or 7 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order. All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material whose participation in this litigation has been terminated or otherwise concluded shall return or destroy all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

    (b) Before disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person described in Paragraphs 5(f) and/or 6(d) above of this Protective Order, counsel for the Receiving Party shall take the following steps:

        (i) provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

        (ii) notify all counsel of record in writing, at least five (5) days business days before any such disclosure, of the intent to

        disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, provide a copy of the acknowledgement form signed by the person, and identify the person's title, job responsibilities and affiliation(s) with the Receiving Party;

    (iii) in the event any party objects to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material to such person, notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure within five (5) business days following receipt of the notification provided in paragraph 7(b)(ii), above. Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days, the party objecting to the disclosure may, after the five (5) business-day period has passed, file a motion consistent with the procedures and requirements of Central District Local Rule 37 requesting a protective order. Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

  (c) Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

8. To the extent that any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material is used in any deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.

9. The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material in this lawsuit under this Protective Order.

10. The recipients of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material provided under this Protective Order, and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials. Any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

11. CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the provisions of this Protective Order and the procedures and restrictions set forth in the Local Rules.

12. None of the provisions of this Protective Order shall apply to Discovery Material, regardless of its designation, that falls into any of the following categories of information, documents, and/or things:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no unauthorized act, failure to act, or violation of this Order by the Receiving Party, its counsel, representatives or experts;

(c) known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein through no improper means or without use or benefit of the information;

(d) obtained outside of this action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY;

(e) obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

13. Upon giving written notice, any party may apply, consistent with the procedures and requirements of Central District Local Rule 37, to remove the restrictions set forth herein on Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, based upon a showing that such Discovery Material falls into one of the categories specified in Paragraph 12 above.

## GOOD CAUSE STATEMENT

14. Federal Rule of Civil Procedure 26(c) authorizes a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense . . . ." It is anticipated that in response to discovery and/or deposition questioning, T-Mobile will be required to disclose competitively sensitive information about its business activities to which third parties would not otherwise have access, including information regarding T-Mobile's forward looking plans, strategies, analysis, and technology. Allowing the third parties to use such competitively sensitive information would cause harm to the competitive position of T-Mobile. Therefore, the Parties seek the entry of this Order to prevent the unauthorized use or dissemination of confidential and proprietary information that T-Mobile is anticipated to produce during this litigation.

(a) Customer Lists, Non-Public Customer Information, and Non-Public Vendor Information: State and federal law recognize the sensitivity of and the need to protect against public disclosure of this type of sensitive business information. Confidential customer information and competitive financial information of this type can constitute protectable trade secret. *See Hollingsworth Solderless Terminal Co.*

*v. Turley*, 622 F.2d 1324, 1335 (9th Cir. 1980); *Rigging Int'l Maint. Co. v. Gwin*, 128 Cal.App.3d 594, 606-07 (1982). California's version of the Uniform Trade Secrets Act defines "trade secret" as "information including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to the other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). Whether information is a trade secret is ordinarily a question of fact. *E.g., In re Providian Credit Card Cases*, 96 Cal.App.4th 292, 300 (2002). T-Mobile has taken reasonable efforts to maintain the secrecy of such lists and information and derives substantial economic value from the lists and information not being generally known to the public, especially its competitors. Disclosure of the lists and information could result in infringement of T-Mobile's trade secrets. Further, such disclosure could also be used by competitors to unfairly compete with T-Mobile. Moreover, disclosure of the personal customer information, non-public personnel records, or personal medical information could result in annoyance, embarrassment or identify theft.

(b) Business Strategy and Technology: The business strategy and technology used by common carrier wireless telecommunications providers for establishing, maintaining, and modifying their network is not generally known by other entities, and each regards the information as confidential and proprietary, in that if it was obtained by a competitor, it would likely provide a competitive advantage in the various markets. T-Mobile also considers its internal employment

|   |   |   |
|---|---|---|
| 1 | | policies and operating policies, practices, and procedures as |
| 2 | | competitively sensitive information that, if disclosed to competitors, |
| 3 | | could result in those competitors obtaining an unfair advantage in the |
| 4 | | marketplace. |
| 5 | (c) | Marketing Plans and Strategy: T-Mobile's develops confidential |
| 6 | | research, reports, studies and strategies at significant costs to compete |
| 7 | | in the market. This information is not generally known by other |
| 8 | | wireless telecommunications carriers, each of whom regard their |
| 9 | | respective information as confidential and proprietary, in that if it was |
| 10 | | obtained by a competitor, it would likely provide a competitive |
| 11 | | advantage. For example, competitors could use such plans, strategies |
| 12 | | and research without expending the costs to create the information or |
| 13 | | undermine these strategies to unfairly compete with T-Mobile. |
| 14 | (d) | Financial Information: T-Mobile's non-public financial information, |
| 15 | | including its non-public compensation/payroll records, non-public |
| 16 | | time records, accounting procedures, financial management |
| 17 | | procedures, and pricing and profit data, are not generally known by |
| 18 | | other entities, and T-Mobile regards this information as confidential |
| 19 | | and proprietary, in that if it was obtained by a competitor, it would |
| 20 | | likely provide a competitive advantage. |

**MISCELLANEOUS PROVISIONS**

15. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not waive any such designation provided that the Producing Party notifies all Receiving Parties in writing that such Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY within five (5) business days from when the failure to designate first becomes known to the Producing Party, and includes in that written notification an explanation for the initial non-designation of the material as CONFIDENTIAL or ATTORNEYS EYES ONLY,

and further includes in that written notification a description of the date on which the discovery of the non-designation first occurred. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order. If, before the Producing Party notifies a Receiving Party of such designation of already-produced Discovery Material, the Receiving Party discloses such Discovery Material in a manner or to any person or entity, inconsistent with the subsequent designation, that Receiving Party shall notify the Producing Party within ten (10) days of receiving such notice.

16. In the event of a disclosure of any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to a person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

17. During the ninety (90) period after the final disposition of this litigation, (including after appeals, if any), either party may demand return all CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in alternative, destruction such Discovery Material. If such a demand is made, the Receiving Party shall comply with the demand within ten (10) business days following receipt of the demand. All parties that have received any such Discovery Material shall certify in writing that all such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material has been

1  returned or destroyed.  Notwithstanding the provisions for return or destruction of
2  Discovery Material, outside counsel may retain pleadings, expert reports, depositions,
3  deposition exhibits, trial exhibits, motions and attachments to motions, and attorney and
4  consultant work product for archival purposes.

5       18.    Any Discovery Material produced prior to entry of this Protective Order,
6  including any deposition testimony, shall be retroactively designated by notice in writing
7  of the designated class of each Discovery Material by Bates number or other information
8  that provides a party with reasonable notice of what is being identified within sixty (60)
9  days of entry of this Order.  Furthermore, a Receiving Party may at any time request that
10 the Producing Party cancel or modify the designation with respect to any Discovery
11 Material.  A party shall not be obligated to challenge the propriety of any designation of
12 Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time the
13 designation is made, and a failure to do so shall not preclude a subsequent challenge
14 thereto.  Such a challenge shall be written, shall be served on counsel for the Producing
15 Party, and shall identify particularly the documents or information that the Receiving
16 Party contends should be differently designated and the grounds for the objection.
17 Thereafter, further protection of such material shall be resolved in accordance with the
18 following procedures:

19     (a)    The Producing Party shall have the burden of conferring in person, in
20 writing, or by telephone with the Receiving Party in a good faith
21 effort to resolve the dispute.  The Producing Party shall have the
22 burden of identifying in writing the grounds for the disputed
23 designation.  If such a written identification of grounds is not provided
24 within ten (10) business days following receipt of a demand from the
25 Receiving Party, the material shall be deemed non-CONFIDENTIAL
26 and non-ATTORNEYS' EYES ONLY.
27     (b)    If a timely identification of grounds is offered by the Producing Party,
28 but the parties nevertheless fail to agree that such identification is

305018_9.DOC     13
PROTECTIVE ORDER

adequate, the Receiving Party may submit a motion to the Court consistent with the procedures and requirements of Central District Local Rule 37.

    (c)    Notwithstanding any challenge to a designation, the Discovery Material in question designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall continue to be treated as such under this Protective Order until one of the following occurs: (i) the Producing Party fails to timely respond to a demand for identification of grounds under Paragraph 18(a), (ii) the party who designated the Discovery Material in question as CONFIDENTIAL or ATTORNEYS' EYES ONLY withdraws such designation in writing; or (iii) the Court rules that the Discovery Material in question is not entitled to the designation.

19.    If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, and such obligation is not satisfied by the terms of this Protective Order, the Producing Party shall promptly request permission from such third party to produce the requested Discovery Material and shall provide a copy of this Protective Order to the third party. If the third party does not consent to production of the requested Discovery Material, the Receiving Party may make a motion to the Court for an order compelling production of the requested Discovery Material consistent with the requirements established by the Federal Rules of Civil Procedure and/or Central District Local Rules. A Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court issues an order compelling production of the requested Discovery Material.

20.    This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way. Nothing in this Protective Order shall be deemed to bar any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

21. If, at any time, Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY become subject to a subpoena by any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

22. Nothing in this Protective Order shall preclude any party to this lawsuit or any attorneys for any party to this lawsuit from (a) showing Discovery Material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to any individual who either prepared the Discovery Material or reviewed it prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, its own Discovery Material, whether designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition and examined on any Discovery Material produced by the witness' current employer or that the witness authored or previously received. The witness, if a former employee, may also be shown at a deposition and examined on any Discovery Material for which: (a) specific documentary or testimonial evidence indicates that (i) the Discovery Material was previously communicated to, or received from, the witness, or (ii) the witness was involved in the specific matters addressed in the Discovery Material; or (b) the Producing Party of the Discovery Material agrees to such use.

23. The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

24. This Protective Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

25. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof, procedure, or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply. Thus, this Protective Order does not modify the requirements established in Central District Local Rule 37.

**SO ORDERED.**

Dated: 4/12/11

_/s/ Suzanne H. Segal_
Hon. Suzanne H. Segal
UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE

**APPROVED.**

Dated: April 8, 2011

JEFFREY T. MELCHING
RUTAN & TUCKER, LLP

By: /s/ Jeffrey T. Melching
(As Authorized on Apr. 8, 2011)
Jeffrey T. Melching

Attorneys for Defendants
CITY OF THOUSAND OAKS and CITY COUNCIL OF THE CITY OF THOUSAND OAKS

305018_9.DOC

16

PROTECTIVE ORDER

Dated: April 8, 2011

JOHN J. FLYNN III
BENJAMIN Z. RUBIN
NOSSAMAN LLP

By: /s/ John J. Flynn III
       John J. Flynn III

Attorneys for Plaintiff
T-MOBILE WEST CORPORATION

EXHIBIT "A"

NON-DISCLOSURE AGREEMENT

I, _____, am fully familiar with the terms of the Stipulated Protective Order ("Order") entered in *T-Mobile West Corp. v. City of Thousand Oaks et al.*, United States District Court, Central District, No. CV09-4377 CAS (SSx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposed of enforcing this Order.

Signature: _____    Date: _____